PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1996 Ford Mustang slid into a creek due to debris left on the road while Ms. Woomer was traveling about one mile off of State Route 2 on Big Seven Mile Creek Road in Cabell County. Big Seven Mile Creek Road, which is also known as County Route 11, is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on August 18, 2005, at approximately 10:45 p.m. Big Seven Mile Creek Road is a two-lane road with a speed limit of thirty miles per hour. Ms. Woomer was driving approximately twenty-three miles per hour in damp conditions when the accident occurred. Ms. Woomer was traveling home from work and was proceeding in a curve when
the vehicle slid on gravel and clumps of mud that were left on the road by respondent while it was preparing to resurface the road. As a result of the road conditions, claimants’ vehicle slid into a nearby creek. Ms. Woomer traveled this road to work every day and *50 noticed some debris on the opposite side of the road when she left for work at around 2:00 p.m. that afternoon. Bobby Woomer stated that respondent’s employees were working on the road when he drove by at around 4:00 p.m. that afternoon.
Claimants’ vehicle sustained damages totaling $4,674.51 which includes $4,045.38 for the body work, $155.91 for the towing expenses and $473.22 in repairs. The Court notes that the body work has not yet been performed on the vehicle. The claimants purchased the vehicle in 2003 for $4,500.00. The Kelley Blue Book Value for a 1996 two-door Mustang in good condition is $2,680.00. Since the cost of the vehicle’s repairs would be greater than the price that claimants paid for the vehicle in 2003, the Court will consider the Kelley Blue Book value of $2,680.00 in determining the amount of damages. Since the claimants’ insurance was limited to liability coverage on this vehicle, their insurance carrier did not cover this claim.
The position of the respondent was that even though it had notice of the debris in question on County Route 11, warning signs were properly placed on the road. Charles Michael King, Elighway Administrator for respondent in Cabell County, testified that there was mud on the road since it had been raining earlier that day. However, Mr. King stated that a set of “men working” signs had been posted in the area.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the evidence established that respondent was aware of the ongoing hazardous conditions on County Route 11 and had actual notice of the condition then and there existing. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of motorists traveling on County Route 11 in Cabell County. Consequently, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of respondent, the Court is also of the opinion that Ms. Woomer was negligent in her operation of the vehicle since she was aware that there was debris on the road at around 2:00 p.m. that day when she was traveling to work. In a comparative negligence jurisdiction such as West Virginia, the claimants’ negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimants’ negligence equals thirty-five percent (35%) of their loss. Since the negligence of the claimants is not greater than or equal to the negligence of respondent, claimants may recover sixty-five percent (65%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $1,742.00.
Award of $1,742.00.